EOD JUL 8 2002

FILED CLERK
U.S. DISTRICT COURT

02 JUL -3 PM 3: 05

TX EASTERN-BEAUMONT

BY Marilyn Perry

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| COBURN SUPPLY COMPANY, INC. | § | |
| | § | |
| vs. | § | CIVIL ACTION NO 1:00CV-00306 |
| | § | |
| KOHLER CO. | § | JURY DEMANDED |

## FINAL JUDGMENT

1. On April 1, 2002, the Court called this case for trial. Plaintiff, Coburn Supply Company, Inc., (hereinafter "Coburn") appeared in person and through its attorney and announced ready for trial. Defendant, Kohler Co., (hereinafter "Kohler") appeared in person and through its attorney and announced ready for trial.

2. The Court determined that it had jurisdiction over the subject matter and the parties to this proceeding.

3. The Court previously granted Kohler's Motion for Partial Summary Judgment on Coburn's cause of action for breach of fiduciary duty based on a joint venture relationship between the parties. *See* Memorandum Opinion and Order filed Jan. 8, 2002. The Court carries forward that ruling and incorporates it herein.

4. The Court denied Kohler's Motion in Limine, except that the Court ruled that all evidence pertaining to Coburn's claim for breach of specific promises to pay certain costs related to the termination of Coburn's distributorship was excluded pursuant to Rule 408 of the Federal Rules of Evidence. The Court carries forward that ruling and incorporates it herein.

5. The Court then impaneled and swore the jury, which heard the evidence and arguments of counsel. The Court submitted questions, definitions, and instructions to the jury.



1

6. The Court denied Kohler's Motion for Directed Verdict made at the close of Plaintiff's case, and further denied Kohler's Motion for Directed Verdict at the close of all evidence.

7. The Court denied Coburn's Motion for Leave to Amend its Complaint, after the close of the evidence and before submission to the jury, to add a claim for fraudulent concealment, based on the evidence adduced, and, therefore, the Court did not submit a fraud question to the jury.

8. In response to the special interrogatories submitted by the Court, the jury made the following findings that the Court received, filed, and entered of record:

   a. Coburn operated as a general agent of its affiliated companies in the distributor relationship with Kohler.

   b. Coburn's affiliated companies assigned to Coburn Supply Company, Inc. all of their claims arising from Kohler's termination of the distributorship agreement before this suit was filed.

   c. Kohler dealt with Coburn and its affiliated companies as one business enterprise in the relationship.

   d. Kohler breached a contract or obligation to Coburn in the manner in which Kohler terminated its distributorship agreement with Coburn.

   e. Kohler made a negligent misrepresentation on which Coburn justifiably relied.

   f. The Jury awarded $1,801,153 as damages proximately caused by Kohler's conduct, not including loss of profit.

   g. The Jury awarded $0 as loss of profit after December 31, 1999 proximately caused by Kohler's actions.

9. The Court finds that the evidence supports the jury's findings and renders judgment for Plaintiff.

10. The Court has granted Coburn's motion to conform its pleadings to the evidence to assert a cause of action for Kohler's breach of TEX. BUS. & COMM. CODE § 2.309 as well as a breach of the distributor relationship.

11. Therefore, the Court orders that Plaintiff, Coburn Supply Company, Inc., recover the sum of $1,801,153.00 and its costs of court from Kohler.

12. Additionally, the Court awards prejudgment interest on the award of $1,801,153.00 of $419,941.72. Prejudgment interest is calculated at an annual rate of 10% from the fourteenth day of January 2000 to the fifteenth day of May, 2002 and is not compounded.

13. Plaintiff requested reasonable attorney fees and filed an affidavit providing evidence of such attorney fees and costs. The Court finds attorney fees in the amount of $360,773.75 to be reasonable and recoverable under these circumstances for the breach of contract claim. The Court orders Kohler Co. to pay $360,773.75 for attorney fees and $34,170.71 for costs, in addition to the damages and prejudgment interest awarded above. Coburn is not awarded attorneys fees for its non-contract claim.

14. Postjudgment interest is payable on the aggregate award of $ 2,616,039.18 at 2.33 percent interest, computed daily and compounded annually pursuant to 28 U.S.C. § 1961, from May 15, 2002 until the date this judgment is paid.

15. In addition, in the event that Kohler unsuccessfully appeals this judgment, the Court finds that Coburn is entitled to additional attorneys' fees of $35,000, which does not include attorneys fees for appeal of Coburn's non-contract claims.

16. The Court orders execution to issue for this judgment at the expiration of ten days after entry, unless otherwise stayed by the Court.

17. The Court denies all relief not granted in this judgment.

18. This is a Final Judgment.

SIGNED this 3d day of July, 2002.

_____
U.S. DISTRICT JUDGE

APPROVED AS TO FORM:

_____
Larry R. Veselka
Attorney for Plaintiff


_____
Don Martinson
Attorney for Defendant